**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_Mary Ann Whipple_
United States Bankruptcy Judge

Dated: March 29 2013

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 11-34138 |
| | ) | |
| Stephen R. Donnelly, | ) | Chapter 7 |
| Miha R. Pawlinski, | ) | |
| | ) | Adv. Pro. No. 12-3185 |
| Debtors. | ) | |
| | ) | Hon. Mary Ann Whipple |
| Ericka S. Parker, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Stephen R. Donnelly, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF DECISION AND ORDER REGARDING MOTION FOR JUDGMENT ON THE PLEADINGS

This adversarial proceeding is before the court on the Chapter 7 Trustee's unopposed Motion for Judgment on the Pleadings [Doc. # 15]. The Motion is brought under Federal Rule of Civil Procedure 12(c), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012(b). Defendants Stephen R. Donnelly and Miha R. Pawlinski are the joint Debtors in the underlying Chapter 7 case. Plaintiff, the Chapter 7 Trustee in Defendants' Chapter 7 bankruptcy case, seeks to revoke Defendants' Chapter 7 discharges pursuant to 11 U.S.C. §§ 727(d)(2) and 727(d)(3).

The district court has jurisdiction over the underlying Chapter 7 case filed by Defendants pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. The district court in turn has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding both arising in and related to the underlying Chapter 7 case. Defendants' Chapter 7 case and this adversary proceeding have been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings to revoke discharge are core proceedings that this court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(J).

A Rule 12(c) motion for judgment on the pleadings is "granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006). The proper standard for deciding a Rule 12(c) motion is the same as for a motion pursuant to Fed. R. Civ. P. 12(b)(6). *See Comm'l Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 326 (6th Cir. 2007). Under that standard, the court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Id.*

Section 727(d) of the Bankruptcy Code provides the basis for revoking a Chapter 7 discharge. Under § 727(d)(2), the court must revoke a discharge granted if "the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee." 11 U.S.C. § 727(d)(2). The property at issue is a class action lawsuit. The Trustee alleges in her Complaint that the court entered an order on October 11, 2011, directing Defendants/Debtors to turn over to the Trustee copies of documents concerning the class action lawsuit and that Defendants failed and refused to do so. [Doc. # 1, ¶¶ 5 & 6]. Although Defendants filed an answer, the answer does not deny any of the allegations contained in the Complaint. The Trustee's allegations are, therefore, admitted. *See* Fed. R. Bankr. P. 7008; Fed. R. Civ. P. 8(b)(6) ("An allegation– other than one relating to the amount of damages– is admitted if a responsive pleading is required and the allegation is not denied."). However, the Trustee does not allege in the Complaint that Defendants acted with fraudulent intent in failing to do so, a material element of a § 727(d)(2) claim. She has thus failed to allege a claim entitling her to the relief sought under § 727(d)(2). *See Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) ("[a] complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory."). As such, the Trustee is not entitled to judgment on the pleadings under § 727(d)(2).

Section 727(d)(3) provides that the court shall revoke a discharge granted if "the debtor[s] committed an act specified in subsection (a)(6)." The Trustee relies on the act specified in § 727(a)(6)(A) that "debtor has refused, in the case . . . to obey any lawful order of the court, other than an order to respond to a material question or to testify." 11 U.S.C. § 727(a)(6)(A). The Trustee alleges in her Complaint that Debtors "failed and refused" to obey the lawful court order entered on September 24, 2012, directing Debtors to appear for examination and provide specific information concerning the class action lawsuit. [Doc. # 1, ¶¶ 5 & 6]. The court finds that the well-pleaded allegations of the Complaint constitute a valid cause of action under 11 U.S.C. § 727(d)(3). In their answer, Defendants did not deny the Trustee's allegations. As discussed above, the allegations are therefore deemed admitted, and the Trustee is entitled to judgment as a matter of law on her claim brought under § 727(d)(3).

Based on the foregoing reasons, the Trustee's Motion for Judgment on the Pleadings [Doc. # 15] is hereby **GRANTED** as to the claim brought under 11 U.S.C. § 727(d)(3) and **DENIED** as to the claim brought under § 727(d)(2). A separate judgment in accordance with this memorandum of decision will be entered by the court.

###